IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LYNDA DEBARROS, )
)
     Plaintiff, )     Civ. No. 11-6116-AA
)
     vs. )     OPINION AND ORDER
)
WALMART STORES, INC., )
a Delaware corporation, )
)
     Defendant. )
_____ )

Andrew Lewinter
Attorney at Law
101 E. Broadway, Suite 220
Eugene, Oregon 97401

Cynthia Danforth
Attorney at Law
433 W. 10th Ave., Suite 201
Eugene, Oregon 97401
     Attorneys for plaintiff

Richard R. Meneghello
Erin O. Sweeney
Fisher & Phillips LLP
111 SW Fifth Ave., Suite 1250
Portland, Oregon 97204
     Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, Lynda deBarros, brought an action against
defendant, Wal-Mart Stores, Inc., for violation of the Family
and Medical Leave Act (FMLA), 29 U.S.C. §§ 2615(a)(2) and (b).
In response, defendant filed a counterclaim, asserting four
claims for relief against plaintiff as follows: breach of
contract, injunctive relief, attorney fees, and $6000 in
damages, plus interest, for the twelve times plaintiff
mentioned a settlement agreement in plaintiff's Complaint and
First Amended Complaint.  Plaintiff moves to dismiss
defendant's counterclaims under Fed. R. Civ. P. 12(b)(6).
Plaintiff's motion to dismiss is GRANTED as to all four of
defendant's counterclaims.

                          BACKGROUND

On May 19, 2010, a private settlement agreement was
reached between plaintiff and defendant.  Plaintiff filed a
lawsuit against defendant alleging she was terminated from her
employment with defendant in violation of FMLA.  After the
terms of the settlement were agreed upon, the lawsuit was
dismissed by plaintiff.  The Confidential Settlement Agreement
stipulated that defendant would reinstate plaintiff to her
previous position of employment.  Plaintiff stipulated that she
would not mention the existence nor the terms of the
Confidential Settlement Agreement to third parties and would

2-OPINION AND ORDER

maintain the confidentiality of the Settlement Agreement.  Both
parties stipulated to a $500 mandatory fine for each
unauthorized disclosure of the existence of the Confidential
Settlement Agreement.

Pursuant to the terms of the Confidential Settlement
Agreement, on June 7, 2010, plaintiff was reinstated to her
position of employment.  After her reinstatement, however,
defendant issued a series of disciplinary actions against
plaintiff, and on January 11, 2011, defendant once again
terminated plaintiff from her employment.  On April 4, 2011,
plaintiff filed a claim alleging that defendant terminated
plaintiff in violation of FMLA,  29 U.S.C. §§ 2615(a)(2) and
(b).  Specifically, plaintiff contends that despite the terms
of the Confidential Settlement Agreement, defendant terminated
plaintiff's employment in retaliation for plaintiff's previous
lawsuit alleging that defendant violated FMLA.

On October 6, 2011, this Court granted defendant a
Protective Order to govern the Confidential Settlement
Agreement.  The Protective Order was granted to keep the
contents of the Confidential Settlement Agreement private and
under seal from public view during the course of any court
proceedings arising from plaintiff's Complaint.  Accordingly,
the Protective Order guarantees to the defendant that the only
persons privy to the information contained in the Confidential

3 - OPINION AND ORDER

Settlement Agreement are the parties to the Complaint, the parties' attorneys, and court staff. However, even with this Protective Order in place, defendant has cross-claimed, alleging that plaintiff should be liable for mentioning the existence of the Settlement Agreement in her Complaint. Defendant first alleges that even by mentioning the Confidential Settlement Agreement, plaintiff violated the terms of confidentiality contained in the Confidential Settlement Agreement and breached the contract. Second, defendant alleges that plaintiff should be enjoined from making any further mention of the Confidential Settlement Agreement, even in further court proceedings. Third, defendant alleges that plaintiff should have to pay attorney's fees because of her breach. Fourth, defendant seeks damages for the breach of contract in the amount of $6000, plus interest. Defendant points to a provision in the Confidential Settlement Agreement that stipulates that plaintiff will pay $500 for any disclosure of the agreement, and thus defendant alleges that $6000 is the amount plaintiff owes for the twelve times plaintiff mentioned the Confidential Settlement Agreement in her complaint.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell

4-OPINION AND ORDER

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also, Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff moves to dismiss defendant's four counterclaims: (1) breach of contract; (2) injunctive relief; (3) attorney fees; and (4) damages in the amount of $6000, plus interest. Defendant argues that plaintiff is liable for breach of contract and damages for mentioning the existence of the Confidential Settlement Agreement to the Court in plaintiff's Complaint, but plaintiff asserts that she could not avoid mentioning the existence of the Confidential Settlement Agreement in the case at bar. Pl. Memo. In Support of Mot. To Dismiss 2. Plaintiff argues that absolute privilege shields her from any liability that defendant has alleged against her, making defendant's claims for relief implausible. Id. Thus, under this absolute privilege theory, plaintiff moves to dismiss defendant's counterclaims.

5 - OPINION AND ORDER

## I. Absolute Privilege from Liability Claims

Plaintiff has moved to dismiss defendant's counterclaims based on absolute privilege, and defendant asserts four arguments in opposition. First, in contrast to plaintiff's assertions, defendant argues that not all statements made during judicial proceedings are equivocally protected by absolute privilege. Second, defendant argues that courts generally do not extend the privilege to statements made during judicial proceedings that involve breach of contract claims. Third, defendant alleges that plaintiff should not be afforded absolute privilege because plaintiff did not have a compelling reason to divulge the existence of the Confidential Settlement Agreement to the Court in the first place. Finally, defendant argues that it was unnecessary for plaintiff to reveal the existence of the Confidential Settlement Agreement and then invoke absolute privilege, as the terms of the contract provided plaintiff with the ability to publicize the existence of the Agreement so long as she provided 24 hour notice to the defendant of her intent.

### A. Absolute Privilege Does Not Apply

This Court has held that if applicable, absolute privilege precludes a person from liability for making statements that would otherwise be defamatory. Martinez-Delacruz v. Stuart Olson Farms, Inc., 612 F. Supp.2d 1151, 1153 (D.Or. 2007).   In

6 - OPINION AND ORDER

order for the absolute privilege to apply, the statement must be made in the course of, or sufficiently incidental to, a judicial or quasi-judicial proceeding. Id. at 1154. The privilege exists for those "certain realities of life in which it is so important that the persons engaged in them should be able to speak freely ... in order that their duties may be carried on freely and without fear of any action being brought against them." Ramstead v. Morgan, 219 Or. 383, 387, 347 P.2d 594 (1959).

Oregon, however, recognizes absolute privilege in limited circumstances. Martinez, 612 F. Supp.2d at 1153-54. Oregon has historically recognized absolute privilege in the context of tort and more generally, defamation cases. Johnson v. Brown, 193 Or.App. 375, 380, 91 P.3d 741 (2004). The case at bar is neither a tort nor a defamation case. Plaintiff has not pointed to any caselaw in Oregon or in the Ninth Circuit that recognizes absolute privilege as applicable to a breach of contract claim, and that is likely because no precedent appears to exist in this jurisdiction to support such a theory. Plaintiff relies on one case in the Seventh Circuit finding that absolute privilege can apply to a breach of contract claim. Rain v. Rolls-Royce Corp., 626 F.3d 372, 378 (7th Cir. 2010). There, the Court found that the failure to apply absolute privilege to a breach of contract claim would

discourage the defendant corporation from exercising its
fundamental right to resort to the courts to protect its
rights. Id.

Plaintiff argues that this Court should follow the Seventh
Circuit precedent and find that absolute privilege protects
plaintiff's fundamental right to make statements to the Court
without fear of incurring liability. I decline, however, to
apply a holding from a case in the Seventh Circuit to the facts
of this case. Had the parties not already obtained a
Protective Order to protect their respective interests, I would
be more inclined to examine the merits of plaintiff's absolute
privilege argument and would consider precedent from other
jurisdictions to assist any determination made on the issue. I
find no need, however, to explore the applicability of absolute
privilege to the breach of contract claim alleged here due to
the existence of the Protective Order. The Protective Order
stipulates that plaintiff is allowed to use information
contained in the Confidential Settlement Agreement for court
proceedings in her case, as long as the Confidential Settlement
Agreement is "handled as confidential and maintained under seal
from public view." Pr. Order. p. 2-3, provision 6. With such
protection in place, plaintiff's arguments regarding the
applicability of absolute privilege are superfluous and thus
unavailing.

B. The Protective Order

The Supreme Court has held that litigants should have the opportunity to prevent information from being publically released if that information could be damaging to reputation and privacy. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984). Courts have the equitable power to grant a Protective Order in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden" under such circumstances. Id. at 36. This Court has broad latitude to grant Protective Orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development or commercial information. Phillips v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002), see Fed. R. Civ. P. 26(c)(7). Significantly here, courts have granted Protective Orders to protect confidential settlement agreements. Phillips, 307 F.3d at 1212.

In this case, the Protective Order is appropriate for protecting the defendant's privacy needs while also protecting plaintiff's fundamental right to pursue her Complaint in this Court. By granting the Protective Order, this Court recognized the need to provide a heightened level of protection and privacy to the Confidential Settlement Agreement. At the same time, however, this Court also recognized that plaintiff must be able

9 - OPINION AND ORDER

to refer to the Confidential Settlement Agreement as her lawsuit
proceeds, as the existence of the Confidential Settlement
Agreement is a fact that is central to plaintiff's Complaint.
Defendant's request that this Court find plaintiff liable for
mentioning the Confidential Settlement Agreement, and
defendant's request that this Court further enjoin plaintiff
from making further mention of it, are unworkable. The
provisions of the Protective Order clearly state that plaintiff
is allowed to refer to any and all terms and conditions
contained within the Confidential Settlement Agreement, for
purposes of plaintiff's Complaint. Pr. Order. p. 1-2,
provisions 2-3.

The Protective Order will maintain the privacy of the
Confidential Settlement Agreement as this litigation continues,
as it stipulates: "The Confidential Settlement Agreement shall
be held in confidence by each qualified recipient to whom it is
disclosed, shall be used only for purposes of this action, shall
not be used for any business purpose, and shall not be disclosed
to any person who is not a qualified recipient." Pr. Order. p.
2, provision 3. Defendant signed the Protective Order,
indicating that defendant understood that litigation over the
Confidential Settlement Agreement would continue and also, that
defendant would be afforded as much privacy and protection as

10 - OPINION AND ORDER

possible under the circumstances. As such, defendant's assertion that plaintiff should be liable for breach of contract and damages for mentioning the existence of the Confidential Settlement Agreement is unfounded. I therefore find that the defendant's counterclaims are without merit and therefore dismissed.

## II. Attorney's Fees

Defendant's motion for attorney fees is denied. I find that defendant is not entitled to fees under either 28 U.S.C. § 1927 or Or.Rev.Stat. § 20.105, because plaintiff neither acted in bad faith nor brought frivolous claims. See International Union of Petroleum & Industrial Workers v. Western Industrial Maintenance, Inc., 707 F.2d 425, 430 (9th Cir. 1983).

### CONCLUSION

Plaintiff's Motion to Dismiss is GRANTED (doc. 28) and defendant's four counterclaims are dismissed.

IT IS SO ORDERED.

Dated this 9th day of March 2012.

Ann Aiken
United States District Judge

11-OPINION AND ORDER